UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GRACE J. HADEED; JOAN WINTER,
    *Plaintiffs-Appellants,*

v.

THOMAS ABRAHAM; GLENDA
ABRAHAM,
    *Defendants-Appellees.*

No. 03-1779

GRACE J. HADEED; JOAN WINTER,
    *Plaintiffs-Appellants,*

v.

THOMAS ABRAHAM; GLENDA
ABRAHAM,
    *Defendants-Appellees.*

No. 03-1962

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry Coke Morgan, Jr., District Judge.
(CA-02-695-2)

Argued: May 4, 2004

Decided: June 30, 2004

Before WILLIAMS and TRAXLER, Circuit Judges, and
Pasco M. BOWMAN, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** John Bertram Mann, LEVIT & MANN, P.C., Richmond, Virginia, for Appellants. Lawrence Steven Emmert, SYKES, BOUR-DON, AHERN & LEVY, P.C., Virginia Beach, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

In these consolidated appeals, Grace Hadeed and Joan Winter appeal from the district court's order granting Thomas and Glenda Abraham's motion for summary judgment in this gender discrimination action brought under the Federal Fair Housing Act, 42 U.S.C.A. §§ 3601-31 (West 2003); and the Virginia Fair Housing Act, Va. Code Ann. § 36-96.3 (Michie 1996). Hadeed and Winter also appeal from the district court's order granting the Abrahams' motions for attorneys' fees and costs and for discovery sanctions. For the following reasons, we affirm the grant of summary judgment, the award of attorneys' fees and costs as a sanction under Fed. R. Civ. P. 11, and the grant of discovery sanctions under Fed. R. Civ. P. 37.

We review the grant of summary judgment de novo. *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). Hadeed and Winter alleged that the Abrahams engaged in unlawful gender discrimination when they sold their home to a married couple instead of to Hadeed and Winter. The district court held that Hadeed and Winter's proffered evidence established a prima facie case of discrimination, that the Abrahams offered a legitimate, nondiscriminatory reason for declining Hadeed and Winter's offer, and that Hadeed and Winter proffered no evidence of pretext. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973) (establishing pretext framework); *Hill v.*

*Lockheed Martin Logistics Mgmt, Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc). Accordingly, the district court granted summary judgment for the Abrahams. *Hadeed v. Abraham*, 265 F. Supp. 2d 614 (E.D. Va. 2003). Having carefully considered the arguments of counsel, the record, and the applicable legal principles, we believe that the district court properly granted summary judgment in favor of the Abrahams. We note that the Supreme Court's recent decision in *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), to the extent that it applies to this case, does not change this result. Hadeed and Winter simply have failed to present any evidence from which a reasonable jury could conclude that gender was a motivating factor in the Abrahams' decision. *See Desert Palace*, 539 U.S. at 101; *Love-Lane v. Martin*, 355 F.3d 766, 786-87 (4th Cir. 2004).

We review the grant of attorneys' fees and sanctions for an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (Rule 11 sanctions); *Bryant Woods Inn, Inc. v. Howard County*, 124 F.3d 597, 607 (4th Cir. 1997) (attorneys' fees). The district court held that the Abrahams were entitled to attorneys' fees and costs under the fee-shifting provision of the Federal Fair Housing Act, 42 U.S.C.A. § 3613(c)(2), and that the Abrahams were also entitled to attorneys' fees and costs as a sanction under Fed. R. Civ. P. 11. The district court noted that the Abrahams were only entitled to recover the same fees and costs once. Hadeed and Winter did not oppose the motion for sanctions under Rule 11 in the district court, and thus, they have forfeited this issue on appeal. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 396 (4th Cir. 2004) (en banc) ("Failure to timely raise the [objection to the Rule 11 sanctions] amounts to a forfeiture of the issue."); *Williams v. Professional Transp. Inc.*, 294 F.3d 607, 614 (4th Cir. 2002) ("Issues raised for the first time on appeal are generally not considered absent exceptional circumstances.") Hadeed and Winter have pointed to no circumstances that take this case out of the general rule that an issue not raised below is forfeited, and thus, we decline to exercise our discretion to review the forfeited issue.* *Cf. Brickwood Contractors*, 369

---

*Moreover, even though Hadeed and Winter believed that "the [district] Court awarded sanctions against *both* counsel and Hadeed and Winter," (Appellants' Br. in Response to Appellees' Motion to Dismiss

F.3d at 396-98 (exercising discretion to correct an error raised for the first time on appeal). Accordingly, we affirm the grant of attorneys' fees and costs to the Abrahams. Because the Abrahams cannot recover the same costs twice, we need not and do not address the fee-shifting provision under the Federal Fair Housing Act. Finally, we hold that the district court did not abuse its discretion in awarding discovery sanctions under Fed. R. Civ. P. 37 for Hadeed and Winter's late filings during discovery. We deny the Abrahams' motion to dismiss the appeal.

*AFFIRMED*

---

at 8, No. 03-1779(L), September 22, 2003), Hadeed and Winter's brief on appeal challenges only the Rule 11 sanctions as imposed against their attorney. The brief does not address Rule 11 sanctions imposed against Hadeed and Winter as parties. The district court subsequently clarified that the Rule 11 sanctions were awarded against "Plaintiffs solely, and not against Plaintiffs' attorneys." (District Court Order of December 15, 2003.) Because Hadeed and Winter's brief does not address Rule 11 sanctions against Hadeed and Winter as parties, they have also abandoned this issue on appeal. *See* Fed. R. App. P. 28(a)(9); *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999).